**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**JAMES MICHAEL RUST**                                                                 **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:26-CV-P424-JHM**

**WHITNEY MERIDETH** *et al.*                                                       **DEFENDANTS**

## <u>MEMORANDUM OPINION</u>

Plaintiff James Michael Rust, an inmate at the Larue County Detention Center (LCDC), filed the instant *pro se* 42 U.S.C. § 1983 action.  This matter is now before the Court on an initial review of the complaint (DN 1) and amended complaint (DN 10) pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

## I.  SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff sues Whitney Merideth, a Larue County prosecutor, in his or her official and individual capacity.  He also sues the Commonwealth of Kentucky.

In the complaint (DN 1), Plaintiff states the following:

Slander to my name by knowingly bringing false charges against me to act in retaliation for the civil suit I filed and had granted back in 2019 Rust vs LCDC. Just a short example with facts pending wich violates my first addmendment right of U.S. Constitution as well as 8th for cruel and unusual punishment.

In the amended complaint (DN 10), Plaintiff states the following:

The Commonwealth has denied me my Fourth and Fifth Amendments rights by knowingly withholding all paper work no discovery case number citations or any thing as well as denieing me due-process of law.  I want to exercise my 6th Amendment and request imidiate release from jail with payment of five thousand dollars a day for each day served.

Do to wrongful arrest my 8th amendment right has also been violated for cruel and unusual-punishment as well as excessive fine imposed and bond as well as I need surgery on my head to remove infection from my brain the Commonwealth does not care and rather act in forms of retaliation from my past suit in 2019 Rust v. LCDC.  There is no reason I should be in jail.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of immediate release.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

2

### III.  ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  *Commonwealth of Kentucky*

With regard to Plaintiff's claim against the Commonwealth of Kentucky, a state is not a "person" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, the Court will dismiss the claim against Commonwealth of Kentucky for failure to state a claim upon which relief may be granted.  Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the Commonwealth of Kentucky.  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  Therefore, the Court will also dismiss the claim against the Commonwealth of Kentucky for seeking monetary damages from a defendant who is immune from such relief.

### B.  Merideth

#### 1.  Official-capacity claim

Moreover, Merideth, as a prosecutor on behalf of the Commonwealth of Kentucky, is a state employee or official.  Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.  *Will*, 491 U.S. at 71.  Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.  For these reasons, Plaintiff's official-capacity claim against Merideth for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant immune from such relief.

#### 2.  Individual-capacity claim

Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004).  Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously, in bad faith, or with an improper motive.  *See id.*, 424 U.S. at 427 (holding that prosecutor was immune from suit after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Howell v. Sanders*, 668 F.3d 344, 350 (6th Cir. 2012) (holding that even "a prosecutor who maliciously institutes a false prosecution with no probable cause is entitled to absolute immunity"); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they

conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Plaintiff's claim against Merideth is barred by prosecutorial immunity. Therefore, the individual-capacity claim against Merideth must be dismissed for seeking damages from a defendant who is immune from such relief.

### C. Injunctive relief

With regard to Plaintiff's request for injunctive relief in the form of immediate release, release is not an available remedy under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). Accordingly, Plaintiff's claim for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action and denying the pending motion as moot.[1]

Date:   August 7, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010

---

[1] Plaintiff also filed a motion "to amend/remedie/fix punitive damages or injunctive relief" (DN 11). In that motion, Plaintiff requests to be released "due to surgery needed at U of L hospital for infection in my head and eye." He states that an LCDC nurse has his records showing the need for the surgery but that he has not received treatment. As stated above, Plaintiff cannot seek release in this § 1983 action. Moreover, neither Defendant in this action has the authority to order that Plaintiff receive medical treatment at LCDC. In addition, the Court observes that Plaintiff has a separate pending action, *James Rust v. Larue Co Jail et al.*, No. 3:26-cv-593-JHM, against LCDC, the Larue County Jailer, and LCDC Nurse Felicia Armstrong alleging that he is being denied treatment for an infection in his head. Plaintiff may file the instant motion in that action.

5